IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CHASE EDWARD STROUP,

    Plaintiff,

v.

WARDEN CLAY TATUM, Rogers State Prison,

    Defendant.

CIVIL ACTION NO.: 6:14-cv-71

## ORDER and REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. 20) and Plaintiff's failure to comply with the Court's Order of May 29, 2015. (Doc. 23.) For the following reasons, I **RECOMMEND** that Defendant's Motion be **GRANTED**, and that Plaintiff's claims be **DISMISSED without prejudice** for failure to prosecute. I further **RECOMMEND** that all other pending motions be **DENIED AS MOOT**, and that Plaintiff be denied leave to appeal in forma pauperis.

## BACKGROUND

On July 7, 2014, Plaintiff, proceeding pro se, filed a Complaint contesting certain conditions of his confinement while housed at Rogers State Prison in Reidsville, Georgia. (Doc. 1.) With his Complaint, Plaintiff filed a Motion to Proceed In Forma Pauperis. (Doc. 2.) The Court granted that Motion on July 8, 2014. (Doc. 3.) In that Order, the Court advised Plaintiff of his obligation to inform the Court, in writing, of any change of address and that his failure to do so would result in the dismissal of his cause of action. (Id., p. 3.) The Court directed Plaintiff to file a prisoner trust fund account statement and a consent form to collection

of fees from his trust account. (Id. p. 2-3.) The Court emphasized that should Plaintiff fail to comply with those directives within thirty days, the Court would dismiss his case. (Id. p. 3.) Plaintiff failed to meet this deadline, and, by Order dated August 26, 2014, the Court dismissed Plaintiff's action. (Doc. 4.)

After Plaintiff consented to collection of fees and filed a prisoner trust fund account, the Court reopened this case on September 15, 2014. (Doc. 8.) On November 3, 2014, the Court issued an order following a frivolity review of Plaintiff's Complaint. (Doc. 9.) The Court directed that a copy of Plaintiff's Complaint be served upon Defendant. Id. Additionally, the Court provided instructions to Plaintiff regarding the prosecution of this action. (Id., p. 4-7.) The Court again emphasized to Plaintiff that he must update the Court regarding any change in his address and that the Court would dismiss his case if he failed to do so. (Id. p. 4.) The Court further instructed Plaintiff that if he "does not press his case forward, the Court may dismiss it for want of prosecution." (Id., p. 5.) The Court specifically informed Plaintiff of his obligation to respond to a motion to dismiss within 14 days of service of such a motion. (Id., p. 6.) The Court explained that should Plaintiff fail to respond to such a motion, the Court will assume that he does not oppose the Motion. Id. The Clerk of Court mailed a copy of this Order to Plaintiff at Rogers State Prison, his address of record at the time, and it was returned to the Court with an indication that Plaintiff was not at that facility. (Doc. 11.)

Defendant filed his first Motion to Dismiss on December 31, 2014. (Doc. 13.) The Court issued an Order on January 7, 2015 instructing Plaintiff to respond to Defendants' Motion to Dismiss within twenty-one days. (Doc. 15.) The Court again alerted Plaintiff that should he fail to respond to the Motion to Dismiss, the Court would presume that he does not oppose the Motion. (Id., p. 2.) In addition, the Court provided Plaintiff with a copy of Federal Rules of

Civil Procedure 41 and 12 to ensure that he had full notice of the requirements of the Rules regarding motions to dismiss. Id. The Court originally mailed a copy of this Order to Plaintiff at Rogers State Prison, but it was returned as undeliverable. (Doc. 16.) Defendant then filed a Certificate of Service indicating that he had learned that Plaintiff's current address was Rutledge State Prison and that Defendant had served Plaintiff with a copy of his Motion to Dismiss at that facility. (Doc. 17.) Consequently, the Court mailed another copy of its January 7, 2015 Order to Plaintiff at Rutledge State Prison.

On February 25, 2015, Defendant filed his Second Motion to Dismiss. (Doc. 20.) Therein, Defendant asks that the Court dismiss this case as Plaintiff has failed to apprise the Court regarding his change of address. Id. On May 29, 2015, the Court issued yet another Order instructing Plaintiff to respond to Defendant's Motions to Dismiss. (Doc. 24.) The Court gave Plaintiff twenty-one days to file a response and once again advised him that if he did not respond, the Court would presume that he did not oppose the Motions. (Doc. 24.)

Plaintiff has not filed any response to Defendant's Motions to Dismiss. Indeed, he has not filed any pleadings in this case since he consented to collection of fees and filed his prison trust fund account statement on August 29, 2014. Plaintiff has never advised the Court of any change of address and apparently has not taken any action to pursue his claims despite several warnings from the Court.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Orders and his failure to respond to Defendants' Motions to Dismiss. For the reasons set forth below, I recommend that Plaintiff's claims be dismissed and that he be denied leave to appeal in forma pauperis.

**I.   Dismissal for Failure to Prosecute and Follow this Court's Orders**

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash Railroad Company, 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem.

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Petitioner that his failure to consent to the collection of fees and provide a prisoner trust fund account would result in dismissal of this action. (Doc. 3, p. 3.)

4

Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

The Court has made every accommodation to Plaintiff to allow him to prosecute this action, and he has entirely failed to pursue his claims. Despite having been repeatedly advised of his obligation to inform the Court upon any change in his address, Plaintiff has failed to do so. See Local Rule 11.1 ("each attorney and pro se litigant has a continuing obligation to apprise the Court of any address change"). Moreover, Plaintiff has not filed any opposition to Defendants' Motion to Dismiss despite being given several opportunities and having been apprised of the consequences for failing to respond. Additionally, with Plaintiff not having taken any action on this case for approximately eleven months, he has not diligently prosecuted his claims.

Thus, Plaintiff's Complaint should be **DISMISSED without prejudice** for failure to prosecute, and this case should be **CLOSED**.

**II.     Leave to Appeal In Forma Pauperis**

The Court should also deny Plaintiff leave to appeal in forma pauperis. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's directives and his failure to prosecute this action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should be **DENIED**.

## CONCLUSION

For the above-stated reasons, it is my **RECOMMENDATION** that Defendant's Second Motion to Dismiss (doc. 20) be **GRANTED** and that all other Motions be **DENIED AS MOOT**. I recommend that this action be **DISMISSED**, without prejudice, and that the Clerk of Court be directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further recommend that the Court deny Plaintiff leave to proceed in forma pauperis on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED** and **RECOMMENDED**, this 16th day of July, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA